## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2821 | **DATE** | 6/10/2008 |
| **CASE TITLE** | Torrence vs. Advanced Home Care | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's application for leave to proceed in forma pauperis [3] is granted and Plaintiff's motion for appointment of counsel [4] is denied without prejudice at this time. The Court directs the U.S. Marshal's office to effect service of Plaintiff's complaint on Defendant.

■[ For further details see text below.]

Docketing to mail notices.Notices mailed by Judicial staff.

---

### STATEMENT

The Court has before it Plaintiff's application for leave to proceed in forma pauperis and financial affidavit [3] and motion for appointment of counsel [4]. Based on Plaintiff's representations as to her financial status, the Court grants Plaintiff leave to proceed in forma pauperis and requests that the U.S. Marshal's office effect service of her complaint.

However, the Court denies the motion for appointment of counsel at this time. To begin with, Plaintiff has not identified any attempts that she has made to retain counsel (see paragraph 2 of the form for motions for appointment of counsel). In any event, it is unclear whether Plaintiff can meet the standard for appointment of counsel.

Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his or her own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007)

## STATEMENT

(en banc).  It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time, because the Court cannot determine at this early stage of the case whether Plaintiff would be capable of trying this case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. The Court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.  In the meantime, the Court advises Plaintiff that the Pro Se Help Desk in the Clerk's Office may be a useful resource.